# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SHANE C. KLATT,**

        **Plaintiff,**

**-vs-**                                                  **Case No. 6:08-cv-2125-Orl-28KRS**

**ALL-BRAND FOOD DISTRIBUTION, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT, ALL-BRAND FOOD DISTRIBUTION, INC.'S MOTION TO ENFORCE SETTLEMENT AND TO DISMISS ACTION (Doc. No. 40)**
>
> **FILED:** February 3, 2010

## I. PROCEDURAL HISTORY.

On December 18, 2008, Plaintiff Shane Klatt filed suit against Defendant All-Brand Food Distribution, Inc. ("All-Brand") pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Doc. No. 1. Klatt filed an amended complaint against All-Brand on April 8, 2009, seeking unpaid overtime compensation and minimum wages. Doc. No. 23.

All-Brand subsequently filed suit against Klatt in state court. *See* Doc. No. 40 at 2; *see also* Doc. No. 28. Klatt and All-Brand executed a settlement agreement wherein they agreed to settle all

claims in both the state court action and the instant action.[1]  Doc. No. 40-1.  As part of the agreement, Klatt agreed to file a joint motion for approval of the settlement agreement and joint notice of voluntary dismissal with prejudice in this case within three days after his execution of the agreement. Doc. No. 40-1 at 1, 4, 7-9.  Klatt executed the agreement on January 25, 2010.  *Id.* at 6.

All-Brand filed the present motion because Klatt did not file the motion for approval of the settlement agreement and notice of voluntary dismissal, as agreed. On February 4, 2010, I entered an order setting All-Brand's motion for oral argument, noting that the Court construed the motion as a request to approve the parties' settlement agreement, and ordering the parties to be prepared to address the fairness of the settlement of Klatt's FLSA claim.  Doc. No. 41.  The hearing was held on February 9, 2010.

## II.   APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  In *Silva v. Miller*, 307 F. App'x 349 (11th Cir. 2009),[2] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'"  *Id.* at 351 (quoting *Maddrix v. Dize*,

---

[1] All-Brand's state court action was also filed against three other defendants, all of whom executed the settlement agreement.  Doc. No. 40-1.

[2] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent.  *See* 11th Cir. R. 36-2 and I.O.P. 6.

153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

**III. ANALYSIS.**

In his answers to the Court's interrogatories, Klatt averred that he was owed $69,326.40 in unpaid overtime compensation and an equal amount in liquidated damages, for a total of $138,652.80. Doc. No. 15 at 2. As part of the settlement agreement, Klatt acknowledged that he was a manager for All-Brand and was exempt from coverage under the FLSA. Doc. No. 40 at 2; Doc. No. 40-1 at 1. As such, Klatt agreed to settle his FLSA claim for no payment to himself or his counsel as part of a global resolution of this case and the state court case.

According to the settlement agreement, the parties agreed to release one another from any and all claims in this case. Doc. No. 40-1 at 2-3. They agreed they were represented by legal counsel and relied solely on the advice of their counsel in entering into the settlement agreement. *Id.* at 4. The parties made separate and independent evaluations of the risks regarding the litigation. *Id.* at 5. The settlement agreement reflects that the parties entered into the agreement freely, knowingly, and voluntarily. *Id.*

Because Klatt will receive less than the amount he claimed to be owed under the FLSA, he has compromised his claim. However, because neither Klatt nor his attorney will receive any payment under the settlement agreement, the Court need not separately consider whether the compromise of any amount paid to Klatt and any payment to his attorney were reasonable.

At the hearing held on February 9, 2010, it was uncontested that the discovery in this case would show that Klatt was exempt from overtime compensation under the FLSA. Both parties agreed that the settlement they entered into was a fair settlement in accordance with *Lynn's Food Stores*. Klatt advised the Court that he had enough time to talk to his attorneys regarding the settlement, and that he understood the terms of the settlement agreement. Accordingly, I find that the settlement is a fair and reasonable resolution of this case.

The Court need not approve the other provisions of the settlement agreement. I note that the settlement agreement contains terms that this Court would not approve, such as the confidentiality agreement, Doc. No. 40-1 at 3, in light of the public filing of the agreement. Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

Because the settlement agreement arguably was not enforceable before the fairness finding, I further recommend that the Court deny the motion to enforce the settlement agreement to the extent that All-Brand seeks an award of attorney's fees.

## IV. RECOMMENDATION.

Based upon the foregoing, I respectfully recommend that the Court do the following:

1. **GRANT in part** the Defendant's motion to enforce the settlement agreement and **FIND** that the settlement is a fair resolution of a bona fide dispute under the FLSA;

2. **DENY** Defendant's motion to enforce the settlement agreement in all other respects;

3. **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

4. **DISMISS** the case with prejudice, and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 12, 2010.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy